**ORDER**
The Motion (Doc. No. 158) is GRANTED.
IT IS SO ORDERED.

*Eli Richardson*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:19-cr-00060 |
| | ) | |
| | ) | JUDGE RICHARDSON |
| | ) | |
| CHARLES SYKES | ) | |

**MOTION TO VACATE GUILTY PLEA, SENTENCE, AND DISMISS CHARGE**

COMES NOW THE ACCUSED, CHARLES SYKES, by and through counsel, John Bailey, and hereby moves this Honorable Court to vacate the guilty plea and sentence in the instant case and dismiss the charge against Charles Sykes.

In support of this request, counsel states the following:

1. Charles Sykes pleaded guilty to the charge in the instant Indictment on January 21, 2025. R. 138. On April 18, 2025, this Court sentenced Mr. Sykes to time served (approximately 8 months). R. 155. On May 5, 2025, this Court entered final judgment in this case. R. 156. Charles Sykes died on May 1, 2025. *See* Attached Appendices A, B, and C.

2. The doctrine of abatement *ab initio* is well-established in federal jurisprudence. When a defendant dies before formal judgment is entered, federal courts uniformly apply this doctrine to vacate the conviction and dismiss the indictment. This principle is rooted in the idea that criminal proceedings are inherently penal, and the death of the defendant renders the proceedings moot.

3. "(U)nder the abatement doctrine, when a defendant dies prior to the entry of judgment or while her direct appeal is pending, the defendant's charges abate *ab initio*. *See United States v.*